**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| DONORDIRECT.COM, INC., | |
| Plaintiff, | Civil Action No. 1:19-cv-10856 (GBD) (RWL) |
| v. | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| BLUEFIN PAYMENT SYSTEMS LLC (a/k/a CAPITAL PAYMENTS LLC), | |
| Defendant. | |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential (the "Designating Party") if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this

Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The Parties, including directors, officers, and employees of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   b. Counsel, including in-house counsel, and employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Trial and deposition witnesses and their counsel;

   e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

   f. any other person agreed to by the producing party.

5. Before disclosing or displaying the Confidential Information to any expert witness or consultant pursuant to paragraph 4(c), counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any person other than those listed in paragraph 4; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A ("Agreement With Respect to Confidential Information").

6. All Party depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of seven (7) business days after a final transcript of said deposition is received by counsel for each of the Parties. At or before the end of such seven business day period, the deposition shall be treated in accordance with its designation.

7. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after providing sufficient prior notice to the producing party and taking such steps as the Court, upon motion of the producing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

8. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any document or testimony which has been designated as Confidential Information. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the Agreement With Respect to Confidential Information. Counsel for the Party obtaining the deposition witness' Agreement With Respect to Confidential Information shall supply a copy to counsel for the other Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the Agreement With Respect to Confidential Information , the Court may, upon application, enter an order directing the witness's compliance with the Stipulation.

9. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or

information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. If a Party inadvertently discloses Confidential Information, the Party should immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure.

11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically-stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

14. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. If a Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the receiving party from which the Confidential Information is sought shall (a) give written notice by email to the counsel for the Designating Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Designating Party five (5) business days to object to the production of such Confidential Information, if the Designating Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

16. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

SO STIPULATED AND AGREED.

Dated: March 25, 2020
New York, New York

**WILLKIE FARR & GALLAGHER LLP**

By: __s/ James C. Dugan__
    James C. Dugan
    787 Seventh Avenue
    New York, New York 10019
    (212) 728-8000
    jdugan@willkie.com

*Attorney for Plaintiff*

**YANKWITT LLP**

By: __s/ Russell M. Yankwitt__
    Russell M. Yankwitt
    Cassandra M. Vogel
    140 Grand Street, Suite 705
    White Plains, New York 10601
    (914) 686-1500

**BRENNER, SALTZMAN & WALLMAN LLP**

By: __s/ Rowena A. Moffett__
    Rowena A. Moffett (admitted *pro hac vice*)
    271 Whitney Avenue
    New Haven Connecticut 06511
    White Plains, New York 10601
    (203) 772-2600

*Attorneys for Defendant*

*Electronic signatures with permission.

SO ORDERED: MAR 2 6 2020

_____
Hon. George B. Daniels
United States District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONORDIRECT.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLUEFIN PAYMENT SYSTEMS LLC (a/k/a CAPITAL PAYMENTS LLC), <br><br> Defendant. | Civil Action No. 1:19-cv-10856 (GBD) (RWL) |

## AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL

I, _____, state that:

1. My present employer is _____ and my present occupation is _____.

2. I have received a copy of the Stipulation and Protective Order entered in the above-captioned action.

3. I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

4. I hereby agree that I will not disclose any information contained in such documents to any other person, except as permitted under the Stipulation and Protective Order entered in the above-captioned action . I further agree not to use any such information for any purpose other than this litigation.

5. To the extent that I receive Confidential Information from a Party to this action or their counsel, I will destroy such information or return it to the Party or counsel from whom I received it pursuant to paragraph 14 of the Stipulation and Protective Order.

6. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of this Agreement with Respect to Confidential Material.

Signature: _____

Date: _____